### John Caruth et al. *vs.* Benjamin D. Anderson.

The act of the legislature of March 5th, 1846, conferring upon the probate courts power to enforce a compliance with their judgments or decrees "against any executor, administrator, or guardian, by process of *fieri facias*," &c., has reference to judgments and decrees to be thereafter rendered by a probate court.

On appeal from the probate court of Pontotoc county.

The facts of the case are sufficiently stated in the opinion of the court.

*T. J. Word*, for appellants.

*Paxton*, for appellee.

Caruth et al. *v.* Anderson.

Mr. Justice FISHER delivered the opinion of the court.

On the 1st of February, 1847, the appellants, as creditors of Aaron Root, deceased, filed their petition in the probate court of Pontotoc county, against Benjamin D. Anderson, as administrator of the estate of the said deceased, alleging that the said Anderson was appointed such administrator at the October term, 1838, of said court. That said estate was declared insolvent on the 8th of July, 1841, and commissioners then appointed to audit claims against said estate. That petitioners were creditors, and laid their claims before said commissioners, who allowed the same. That said commissioners, at the June term, 1843, of said court, made a report of claims by them allowed, embracing the claims of petitioners, which report was then in all things confirmed by said court. That, at the December term, 1844, of said court, an order was made, requiring the said administrator to pay to each creditor the amount of thirty per cent. on his claim, allowed by the said commissioners; the said administrator having returned an inventory that he had " in cash " $15,000, belonging to said estate. It further appears, that the total amount of assets was about $30,000; but of this sum only $15,000 had been converted into money. The records of the probate court touching said administration were made an exhibit to the petition.

The prayer of the petition is to have execution of *fieri facias* against the property of the administrator, on the order made at the December term, 1844, or to have an attachment against him, by virtue of the statute of the 5th of March, 1846.

To this petition the administrator demurred, insisting that the order of the court at the December term, 1844, appeared to have been made without notice to him; that it did not appear that he had notice of the times and places of meeting of the said commissioners of insolvency; and that the claims of the several petitioners were several and distinct demands, and they could not, therefore, unite in the same petition. Many other causes are assigned, but it will not be necessary to notice them, as the merits of the case will be found embraced in the causes we have set forth.

There is really but one question to be decided, and that is,

whether the probate court could grant the prayer of the petitioners, admitting the judgment of the December term, 1844, to be valid; and this must depend upon the construction of the act of 5th March, 1846.   Hutch. Code, 727, 728, which is in these words: "In all cases in which any court of probate shall make and enter a judgment and decree against any party litigant therein, or against any executor, administrator, or guardian, for payment of a sum of money," &c., "the said court shall have power to enforce a compliance with the terms of such judgment or decree by process of *fieri facias,*" &c.   From the language employed, it will at once be perceived that the statute has reference to judgments to be thereafter rendered by a probate court.

No decision is necessary on the other questions.

Judgment of the probate court affirmed.